## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL DAWN AULT-SWEETING,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEJANDRO N. MAYORKAS,<br><br>    Defendant. | CIVIL ACTION NO. 4:21-cv-01510<br><br>(WILSON, J.)<br>(SAPORITO, M.J.) |

## MEMORANDUM

This matter comes before the court on the defendant's motion for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.[1] (Doc. 11.) The defendant has filed a short brief in support of the motion, and the *pro se* plaintiff has filed an even shorter brief in opposition. (Doc. 12; Doc. 16.) The motion is ripe for decision.

### I.    BACKGROUND

The plaintiff's *pro se* complaint is handwritten on a two-page preprinted form. The complaint itself contains very few factual

---

[1] In the alternative, the defendant has moved to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). Because we grant the motion for a more definite statement and order the plaintiff to file an amended complaint, we need not reach the issue of failure to state a claim under Rule 12(b)(6), which is now moot.

allegations at all. In the caption and the body of the complaint, she has identified herself, Crystal Dawn Ault-Sweeting, as the plaintiff, and Alejandro N. Mayorkas, the U.S. Secretary of Homeland Security, as the defendant. She has also provided her home address and an apparent reference to a U.S. Equal Employment Opportunity Commission ("EEOC") case number: "HS-TSA-00484-2018." In a section requesting her to state the facts of her case, she has written two words: "Discrimination claim." In a section designed to elicit a prayer for relief, the only relief she has requested is "resolution of this matter."

Along with the two-page complaint, the plaintiff has filed a 24-page exhibit, which consists primarily of an administrative decision by the EEOC affirming a decision by a Transportation Security Agency ("TSA") administrative judge on a workplace discrimination complaint brought by the plaintiff, a TSA employee, and a subsequent administrative decision by the EEOC denying her request for reconsideration. The captions of both administrative decisions include reference to "Agency No. HS-TSA-00484-2018."

## II. DISCUSSION

As this court has previously stated:

> Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Like Rule 12(b)(6), Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. Even after the Supreme Court's ruling in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), courts have held that "[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed. *Lapcevic v. Strive Enterprises, Inc.*, No. 2:09-cv-564, 2010 WL 1816752, at *7 (W.D. Pa. Apr. 8, 2010) (quoting *Sun Co. v. Badger Design & Constructors*, 939 F. Supp. 365, 368 (E.D. Pa. 1996)). Granting a Rule 12(e) motion is appropriate only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co.*, 939 F. Supp. at 368.

*Pozarlik v. Camelback Assocs., Inc.*, Civil Action No. 3:11-CV-1349, 2012 WL 760582, at *2 (M.D. Pa. Mar. 8, 2012); *see also Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 797–98 (3d Cir. 1967).

The defendant argues that the plaintiff's sparse complaint is insufficient and the court should require the plaintiff to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. He notes that the complaint identifies the plaintiff and the

defendant, asserts a "discrimination claim" without articulating what sort of discrimination claim is being asserted, and states no request for damages, seeking only "resolution" of an unspecified nature. The defendant further notes that the complaint alleges *no* facts whatsoever to suggest a plausible claim of discrimination. Based on this, the defendant asserts that there is simply insufficient factual information in the *pro se* complaint for him to prepare a response, to determine the nature of the discrimination claim asserted, or to determine any defenses he could raise in good faith.

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). While under the federal notice pleading standard, detailed factual allegations are not necessary, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and brackets omitted). Thus, a complaint must set forth "enough factual matter (taken as true)

to suggest" the required elements of a cause of action. *Id.* at 556.

Here, the plaintiff's *pro se* complaint fails to give the defendant fair notice of the "discrimination claim" being brought against him. Indeed, the complaint itself is entirely bereft of facts. It asserts only a vague and conclusory "discrimination claim" without any factual allegations to suggest "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Twombly*, 550 U.S. at 555. For example, despite asserting a vague "discrimination claim," the plaintiff has failed to allege her race, color, religion, national origin, sex, age, physical or mental disability, veteran status, or any other characteristic that would place her in a protected class. Similarly, the complaint fails to describe any prohibited conduct in which the defendant allegedly engaged, or how the plaintiff was harmed by that conduct. The inclusion of this factual information is necessary "to raise a right to relief above the speculative level," *id.*, and its absence makes the *pro se* complaint "so vague or ambiguous" that the defnedant "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Further, while the *pro se* complaint appears to include an oblique reference to her EEOC administrative appeal proceedings, and she has submitted a copy of selected papers from these proceedings together with

her *pro se* complaint as an exhibit, such a reference is insufficient to cure the defects of this vague and ambiguous complaint. It is not the defendant's responsibility to cull through the information included in this "exhibit" in an attempt to decipher what the plaintiff claims the defendant did and how she was injured by that conduct. Instead, the plaintiff must include those allegations in her complaint so the defendant may properly respond to it. *See Francis v. Joint Force Headquarters Nat'l Guard*, Civil No. 05-4882 (JBS), 2008 WL 4560714, at *4 (D.N.J. Oct. 7, 2008) ("In light of the total absence of factual allegations from the Amended Complaint from which the Defendants might divine what each Defendant allegedly did to Plaintiff and how Plaintiff was harmed by such conduct, . . . Defendants 'cannot reasonably prepare a response' to the allegations in the Amended Complaint.").

## III.   CONCLUSION

Accordingly, the defendant's motion for a more definite statement will be granted and the plaintiff will be directed to file an amended complaint.[2]

---

[2] A Rule 12(e) motion for a more definite statement is a non-dispositive motion upon which a magistrate judge may rule. *See Cheshire*
*(continued on next page)*

An appropriate order follows.


Dated: May 17, 2022                    **_s/Joseph F. Saporito, Jr._**
                                        JOSEPH F. SAPORITO, JR.
                                        United States Magistrate Judge

---

*v. Bank of Am., NA*, 351 Fed. App'x 386, 388 (11th Cir. 2009) (per curiam); *Mushi v. LJ Ross Assoc., Inc.*, Civil Action No. 3:21-cv-01300, 2021 WL 4803781, at *2 n.2 (M.D. Pa. Oct. 14, 2021).